UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Matthew HODROFF,<br><br>         Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, et al.,<br><br>         Defendants. | Case No.: 25-cv-0041-AGS-JLB<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (ECF 7)** |
|---|---|

  Plaintiff Matthew Hodroff, an attorney representing himself, brings this action against defendants JPMorgan Chase Bank and its "National Association." (ECF 1, at 17.) But his sole federal claim is time-barred. So, unless he files an amended complaint, his remaining claims will be remanded to state court.

  In 2017, Hodroff "allegedly became indebted on" accounts "owned by Defendants." (ECF 1, at 22.) According to the complaint, defendants then "persisted in a coordinated attack" "to annoy harass, deceive, and trick [him] into paying for" "disputed" debts. (*Id.* at 23.) They "continue to claim and report late payments, despite no payments being due," and Hodroff "has suffered economic damages" because they are "publishing false and misleading information about" him. (*Id.*) So he filed this suit, alleging a federal Fair Debt Collection Practices Act claim and some state-law claims. (*Id.* at 17.) Chase Bank moves to dismiss the FDCPA claim without leave to amend because it's "time-barred." (*See* ECF 7, at 13, 30.)

  "An action to enforce any liability" under the FDCPA "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "[E]very alleged FDCPA violation triggers its own one-year statute of limitations," and "there is no" FDCPA "continuing violation doctrine" nor "discovery rule." *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040, 1044 (9th Cir. 2023). So each alleged "occurrence of an FDCPA violation" must, on its own, survive the statute-of-limitations analysis. *Id.* at 1041.

1

Hodroff's complaint lists only one date in 2017, and he asserts that defendants "continue" to engage in FDCPA violations. (ECF 1, at 22–23.) But 2017 lies far outside the FDCPA's "one year" statute of limitations. *See* 15 U.S.C. § 1692k(d). And because there is no "continuing violation doctrine in the FDCPA context," he cannot "sweep in a series of component acts that" have occurred since then to piece together a timely claim. *See Brown*, 73 F.4th at 1044. Granted, in his opposition papers, Hodroff alleges that Chase Bank's "most recent" FDCPA-violating "conduct" occurred on "May 1, 2025," which is within the limitations period. (ECF 9, at 5.) But "the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). So his FDCPA claim must be dismissed as time-barred. Yet it "can possibly be cured by additional factual allegations," so the Court grants him leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Because the Court has dismissed Hodroff's only federal claim, it "may decline to exercise supplemental jurisdiction" over the remaining state-law claims. *See* 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Thus, unless plaintiff states a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Accordingly, the Court **GRANTS IN PART** Chase Bank's motion and **DISMISSES** Hodroff's complaint with leave to amend. By **June 9, 2025**, Hodroff may file an amended complaint. If he does not file an amended complaint, his remaining state-law claims will be remanded to state court. The May 23, 2025 hearing is vacated.

Dated:  May 12, 2025

_____
Hon. Andrew G. Schopler
United States District Judge